Filed
JUL 17 2024
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION

5 Pages Scanned by EM

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flsb.uscourts.gov**

Via Email @ 11:34am

| | |
|---|---|
| **In re:**<br><br>**NILHAN FINANCIAL, LLC**<br><br>**Debtor.** | **CHAPTER 7**<br><br>**CASE NO. 8:17-bk-03597-MGW** |

**CHITTRANJAN THAKKAR'S OBJECTION TO PROOF OF CLAIM NUMBER 14 FILED BY SEG GATEWAY, LLC**

Chittranjan Thakkar ("Thakkar"), appearing in this matter in propria persona, hereby states his objection to Proof of Claim No 14 filed by SEG Gateway, LLC ("SEG Gateway", "Gateway") on January 12, 2024. In support thereof, Thakkar states as follows:

1. On March 20, 2017 ("Petition Date"), an involuntary Chapter 7 Petition was filed against Nilhan Financial, LLC ("Debtor").

2. As of the Petition Date and the date of the Order for Relief, Thakkar was, and is, the manager of the Debtor but was not a member of the Debtor and held no membership interest. Subsequent to the Petition Date, Thakkar later obtained a 20% membership interest in the Debtor.

3. On January 14, 2024, SEG Gateway filed a proof of claim (Proof of Claim No. 14) asserting a general unsecured claim in the amount of $1,610,000.00. Exhibit A to the Proof of Claim identifies the basis of the claim as arising from the entry of judgments against Thakkar and his son, Rohan Thakkar. As an exhibit, SEG Gateway attached a Florida state court amended final judgment entered in case number 2010-CA-015315-O, in favor of Good Gateway LLC, against Thakkar, Orlando Gateway Partners, LLC, Nilhan Hospitality, LLC, Niloy & Rohan LLC and NCT Systems, Inc. in the amount of $2,500,000; an amended final judgment on SEG

Gateway, LLC's cross claim against Chuck Thakkar, Nilhan Hospitality, LLC and NCT Systems, Inc. in the amount of $12,000,000.

4. In late 2018 – after the Petition Date and the date of the Order for Relief – Niloy Thakkar, Thakkar's son, conveyed a 20% interest in the Debtor to Thakkar.

5. On April 17, 2019, Gateway obtained a judgment against Rohan Thakkar in the amount of $2,720,849.63 in the Supreme Court, New York (the "Rohan New York Judgment"). The Rohan New York Judgment has also been attached to the Proof of Claim as an Exhibit.

6. Exhibit A to the Proof of Claim appears to assert that SEG Gateway is entitled to payment of Proof of Claim 14 based upon rights derived from an Amended Order Granting Plaintiffs' Amended Fourth Ex-Parte Motion for Proceedings Supplementary Against Defendants and Judgment Debtors Chittranjan K. Thakkar, Niloy and Rohan, LLC and Rohan Thakkar, for Supplemental Relief to Execute Upon Judgment Debtors' Choses in Action, and Final Judgment entered on January 4, 2024 in the Ninth Judicial Circuit Court in and for the County of Orange, State of Florida, Case No. 2010-CA-015315-O ("Chose in Action Judgment").

7. The Chose in Action Judgment lists the Nilhan Financial Bankruptcy Case, 8:17-bk-03597-MGW as a "chose in action" subject thereto, but each of the subparagraphs that follow that listing does not describe any rights held by Thakkar that qualify as "choses in action" providing any right to receive any distributions from the Debtor. See Proof of Claim 14, Exhibit 3, Pages 5-7.

8. Exhibit 3 of Proof of Claim 14 refers to "Other Judgment Debtors' Claims" for distributions from Thakkar's 20% membership interest in the Debtor and Rohan Thakkar's 50% membership interest in the Debtor. Id, at Page 7. **However, nothing contained in Exhibit 3 provides any right or claim by Thakkar to any distributions from the Debtor relative to his 20% membership interest held in the Debtor.**

9. Proof of Claim 14 also asserts a vague right to receive distributions from the Debtor to Thakkar based upon entry of a "charging order." However, Florida law provides no such right in favor of Thakkar for any distributions from the Debtor that may be subject to any charging order that is referred to in Proof of Claim 14.

Charging order.—

> (1) On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.
>
> (2) This chapter does not deprive a member or transferee of the benefit of any exemption law applicable to the transferable interest of the member or transferee.
> (3) Except as provided in subsections (4) and (5), **a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company**. (emphasis added)

This Court should not allow Gateway to circumvent and ignore the express statutory limitations placed by Florida law on judgment collection against Florida limited liability companies by applying a novel and inapplicable legal theory. Gateway effectively asks this Court to create and apply a prohibited alternative remedy where the Florida legislature has clearly expressed the legislative intent to provide that a charging order against the membership interests is the "sole" and "exclusive remedy available to a judgment creditor. There is no direct remedy against the assets of a limited liability company which is the remedy Gateway is seeking here. The public policy and implications of such an abrogation of Section 605.0503 to the commercial reliance on those carefully drawn statutory protections cannot be overstated. This Court must decline Gateway's request to re-write Florida law and must recognize the significant differences

existing under Florida law between corporations and limited liability companies. SEG Gateway has an adequate legal remedy; it has obtained the charging orders prescribed by Florida law against the membership interests as SEG Gateway's sole and exclusive remedy. This objection to Claim No. 14 should be sustained on this basis alone should be sustained.

10. Proof of Claim 14 must be disallowed as being untimely and barred due to filing out of time. Although the Proof of Claim avers that it derives from entry of the Choses in Action Judgment entered on January 4, 2024, that is factually inaccurate. The January 4, 2024 Chose in Action Judgment was an amendment to the initial Chose in Action Judgment entered on March 24, 2021 (Filing # 123691898 E-Filed 03/24/2021 02:35:46 PM) ("Initial Chose in Action Judgment"). The exact same provisions with respect to any claims or rights to distributions that are included in the January 4, 2024 Choses in Action Judgment were included in the Initial Chose in Action Judgment and therefore the filing of Proof of Claim 14 is beyond the time allowed for filing of claims and must be disallowed. See Federal Rules of Bankruptcy Procedure Rule 3002. Filing Proof of Claim or Interest.

11. In addition to being untimely, SEG Gateway has failed to take any action required by the Choses in Action Judgment. Specifically, SEG Gateway has failed to comply with the provisions of the Choses in Action Judgment requiring the levy upon any claim or right held by Thakkar that is asserted to be a chose in action as required by paragraphs 5 and 6 of the Chose in Action Judgment.

12. Moreover, the validity of the effect of the Chose in Action Judgment is subject to challenge in the state court where the same was entered. Defendants' Motion To Stay The Amended Choses In Action Judgment Pending Appeal was filed in the state court where it was entered on (Filing #199072864) May 23, 2024 and thereafter heard by the state court on June 26, 2024. The Chose in Action Judgment is also subject to an appeal pending in the Florida Sixth

District Court of Appeals in Case No. 6D24-0212. As a result of the challenges to the validity of the rights SEG Gateway claims to be derived from the Chose in Action Judgment, even assuming that any rights held by Thakkar qualify as choses in action subject to the Chose in Action Judgment, any such rights are conditional and are subject to the challenges described above.

13. SEG Gateway's rights to any distributions by the Trustee of the Debtor are subject to the exclusive remedies afforded to a judgment creditor under Florida law providing for charging orders in accordance with Fla. Stat. Section 605.0503.

WHEREFORE, Thakkar requests that the Court sustain this Objection to Claim No. 14 and grant such other and further relief as is deemed appropriate.

Dated this 17th day of July, 2024.

Respectfully Submitted,

Chittranjan Thakkar, Pro Se
1655 Peachtree Road, NE
Suite 407
Atlanta, GA 30309
Phone: 678-488-6987
Email: cthakkar1111@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July, 2024, a true and correct copy of the foregoing has been furnished to all parties receiving CM/ECF notification via the Court's CM/ECF system.

Chittranjan Thakkar, Pro Se